**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIMBERLY CLISBEE**, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-2927 (TNM) |
| **UNITED STATES OF AMERICA**, *et al.*, | |
| Defendants. | |

**<u>MEMORANDUM OPINION</u>**

Before the Court are Kimberly Clisbee's pro se Complaint and miscellaneous filings. Because the Complaint falls short of minimum pleading standards, the Court will dismiss it without prejudice.  The Court will also deny Clisbee's many pending motions.

**I.**

From what the Court can glean in her voluminous filings, Kimberly Clisbee believes that her medically fragile daughter has long been the victim of medical malpractice and fraud in California.  *See, e.g.*, Compl. ¶¶ 9, 24, 79–87, 269, ECF No. 1.  Clisbee's husband (who is also disabled) may be a victim of the same.  *See, e.g., id.* ¶¶ 7, 10.

Last summer, Clisbee filed a meandering Complaint against a few federal entities, a few California entities, and the District Attorney for the County of Los Angeles, seeking to hold them liable for a slew of wrongs.  *See generally* ECF No. 1.  Since then, Clisbee has also filed miscellaneous motions—many of which include threats alongside incoherent rants.

Defendants ask the Court to dismiss the Complaint, arguing among other things that it fails Rule 8's requirements.  *See* U.C. Regents Mot. to Dismiss, ECF No. 19; Nathan Hochman

1

Mot. to Dismiss, ECF No. 44; Cal. Mot. to Dismiss, ECF No. 79-2; U.S. Mot. to Dismiss, ECF No. 106.  Those motions are now ripe.

## II.

The first order of business is Clisbee's Motion for Recusal.  ECF No. 121.  Litigants can seek recusal of a federal judge under 28 U.S.C. § 455.  That statute includes a catchall provision, requiring a federal judge to recuse himself from "any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  It also identifies "specific situations in which a judge must recuse himself from a matter, such as when he previously served as a lawyer in the matter in controversy, when he or a close family member has a financial interest in the matter in controversy, or when he or a sufficiently close relation is a party to the proceeding."  *In re Third Party Subpoena to Fusion GPS*, 292 F. Supp. 3d 307, 309 (D.D.C. 2018); *see* 28 U.S.C. § 455(b).  Under either avenue, "disqualification of a judge is not lightly granted."  *United States v. Pollard*, 959 F.2d 1011, 1023 (D.C. Cir. 1992).

Recusal is inappropriate here.  As best the Court can tell, Clisbee roots her recusal request in the Court's supposed association with the Alliance Defending Freedom.  *See* Mot. for Recusal at 2.  But the Alliance Defending Freedom is not a party to this lawsuit.  And Clisbee offers no coherent theory for why recusal is nevertheless appropriate.  The motion devolves into a series of insults against various non-parties and religious professions.  *See, e.g.*, *id.* at 2, 4.  Those statements present no basis for recusal.  More, having reviewed the record and the parties, the Court sees no legitimate basis for recusing itself.  So the motion will be denied.

## III.

Turn now to the motions to dismiss the Complaint.  Complaints filed by pro se litigants are held to "less stringent standards" than pleadings drafted by lawyers.  *Haines v. Kerner*, 404

2

U.S. 519, 520 (1972).  Still, pro se litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  That includes Rule 8(a), which requires that a complaint contain a short and plain statement of the grounds on which jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  More, "[e]ach allegation must be simple, concise, and direct."  *Id.* 8(d)(1).  "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim asserted so that they can respond and mount an adequate defense.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Clisbee's Complaint flunks Rule 8.  First, it is "excessively long" and "rambling."  *See T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013).  The Complaint spans 117 pages, including more than 300 paragraphs.  *See* Compl., ECF No. 1.  Add to that some 800 pages of exhibits plus more submitted in various filings.  Exhibits, ECF Nos. 1-1–1-5; *see also, e.g.*, Errata, ECF No. 12 (300 exhibit pages); Notice of Whistleblower Retaliation, ECF No. 74 (pages of emails, websites, and other documents).

Comparable complaints frequently earn dismissal.  *See, e.g.*, *Ciralsky*, 355 F.3d at 665 (affirming dismissal of 61-page complaint with 105 paragraphs); *Unfoldment, Inc. v. District of Columbia*, No. CIV.A. 07-01717 (HHK), 2007 WL 3125236, at *1 (D.D.C. Oct. 24, 2007) (dismissing a 368-paragraph complaint "spread over 61 pages" that was "prolix, redundant, [and] bloated with unnecessary detail").  That is because a complaint's length "is more than simply a matter of aesthetics."  *Ciralsky*, 355 F.3d at 669.  "Unnecessary prolixity in a pleading places an

3

unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* (cleaned up).

More, the Complaint "patently fail[s]" Rule 8 because it is "rambling, disjointed, incoherent, [and] full of irrelevant and confusing material." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The Complaint details more than ten years of Clisbee's family's medical history, alongside rambling attacks on dozens of non-party doctors, nurses, teachers, and local officials.  Bizarre allegations recur throughout.  For example, Clisbee alleges she was "targeted in [her] pregnancy . . . and kidnapped out of [her] life and thrown into systematic slavery of the most grotesque kind."  Compl. at 122; *see also, e.g.*, *id.* at 119 ("The county of Los Angeles are holding us as trafficking mules and medicare slaves.").  What role Defendants played in all of this is unclear.  Whether and how the Court has jurisdiction over the California Defendants is equally uncertain.

Clisbee's many other filings are no help.  *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (noting courts' obligation to consider all pro se filings together).  For the most part, she rants about "stalking" and "retaliation" against her.  *See, e.g.*, Mot. for Order of Protection, ECF No. 40; Mot. for Sanctions, ECF No. 42.  Sometimes she makes threats or hurls insults.  *See, e.g.*, Mot. for Order of Protection at 3, ECF No. 40 (calling a man named "Brian Allen" a "tub of lard bully" and "mob associate"); Mot. to Take Judicial Notice at 3, ECF No. 59 ("I told a cop I hope they die.  Who am I becoming!!!"); Resp. to Mot. for Extension of Time at 3, ECF No. 97 (threatening to commit suicide).  Other filings share political criticisms and nonsensical musings.  *See, e.g.*, Mot. to Take Judicial Notice at 2, ECF No. 59 (accusing California officials of perpetuating "communism through forced socialism"); Mot. for Default

4

Judgment at 2, ECF No. 32 ("We need helium in the earth to keep from hurtling into the sun, it has gotten so bad you cant [sic] buy helium ballons [sic] the way we once could.").

Again, Clisbee's scattered allegations fail to put Defendants on notice of the claims against them.  So the Court will dismiss the Complaint for failure to comply with Rule 8.[1]

**IV.**

Before wrapping up, the Court addresses Clisbee's other pending motions.  Her failure to obtain Defendants' position on any of the requested relief independently justifies denial.  *See* LCvR 7(m); *cf. Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

Even putting that defect aside, each motion requires denial.  Those that request expedited hearings are now moot.  *See* Notice of Filing, ECF No. 93; Mot. for Ex Parte Judgment, ECF No. 94; Mot. for Ex Parte Judgment, ECF No. 115.  Other motions do not present any coherent basis for awarding the requested relief.  *See* Mot. to Take Judicial Notice, ECF No. 59; Mot. for Relief, ECF No. 88; Mot. for Sanctions, ECF No. 42; Mot. to Disqualify, ECF No. 23; Mot. for Default Judgment, ECF No. 32.  As for the remaining motions, the Court will deny them because it cannot discern the relief requested.  *See* ECF Nos. 9, 15, 40, 70.

An Order will issue today.

Dated:  June 10, 2026                                          TREVOR N. McFADDEN, U.S.D.J.

---

[1]  Because the Court will dismiss the Complaint for failure to comply with Rule 8, it will deny as moot California's alternative request for a more definite statement.  *See* Cal. Mot. to Dismiss at 21 (requesting a more definite statement under Rule 12(e) as an alternative).